UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MIAOMIAO YANG, KOY CHONG, MEILING CHEN     Case No.: 2021 CV 03476
and TACURI TACURI NICOLAS, also known as
SEGUNDO, individually, and on behalf of those
similarly situated,                                                    **COMPLAINT AND**
                                                                        **JURY DEMAND**
                              Plaintiffs,

            -against-


DOUBLE GREEN PRODUCE, INC., SAM CHIEN,
MARY CHIEN, JOHN CARI, JUDY CARI and
JOHN and JANE DOES #1-10,

                              Defendants.

-------------------------------------------------------------------------X

        Plaintiffs, Miaomiao Yang, Koy Chong Meiling Chen and Tacuri Tacuri Nicholas a/k/a

Segundo (collectively "Plaintiffs"), individually and on behalf of those similarly situated, by and

through their attorneys, Hogan & Cassell, LLP, allege against the defendants, Double Green

Produce, Inc. ("Double Green Produce" or "Corporate Defendant"), Sam Chien, Mary Chien,

John Cari, Judy Cari and John and Jane Does #1-10 (the "Individual Defendants") (collectively

"Defendants"), as follows:

## NATURE OF ACTION

        1.      This is a civil action brought by Plaintiffs and similar employees under the Fair

Labor Standards Act, 29 U.S.C. Chapter 8 (§ 201, et seq.) ("FLSA") and New York Labor Law

("NYLL") to recover damages for regular and overtimes wages, spread of hours wages and

violations of notice/recordkeeping requirements.  Plaintiffs worked at Double Green Produce,

which was owned, controlled and operated by the Individual Defendants, who each failed to

compensate Plaintiffs for minimum wages, overtime wages and spread of hours wages and

further failed to comply with the notice/recordkeeping requirements mandated by law.

2.    Plaintiffs allege pursuant to the FLSA that they are: 1) entitled to unpaid minimum wages from Defendants for work that they did not receive minimum wages and/or overtime premium pay, as required by law; and 2) entitled to liquidated damages pursuant to FLSA 29 U.S.C. §§ 201, et seq.

3.    Plaintiffs further complain that they are entitled to back wages from Defendants for unpaid regular wages, minimum wages, overtime wages, spread of hour wages liquidated damages and interest, as required by the NYLL §§ 650, et seq., and the supporting New York State Department of Labor regulations.

4.    Plaintiffs further complain on behalf of themselves and similarly situated current and former employees of Defendants, pursuant to Fed.R.Civ.P. 23 and/or pursuant to 29 U.S.C. § 216(b), which they are entitled to damages for violations of the New York Wage Theft Prevention Act.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 216(b), 217, 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because a substantial part of the events or omissions that gave rise to the claims herein occurred within the Eastern District of New York.   Defendants operated their business in the Eastern District of New York during the relevant time period.

## THE PARTIES

7.      Plaintiff Miaomiao Yang ("Yang") is an individual residing at 4421 9th Avenue, Second Floor, Brooklyn, New York 11220.

8.      Plaintiff Koy Chong ("Chong") is individual residing at 71-13-A, Park Drive East, Kew Gardens, New York 11367.

9.      Plaintiff Meiling Chen ("Chen") is an individual residing at 147-25 Beech Street, Flushing, New York 11355.

10.      Plaintiff Tacuri Tacuri Nicolas also known as Segundo ("Nicolas") is an individual residing at 3760 Warren Street, Apartment 1, Jackson Heights, New York 11372.

11.      Upon information and belief, Double Green Produce, Inc. is a New York corporation with principal place of business at 35 Division Place, Brooklyn, New York 11222.

12.      Upon information and belief, Sam Chien is an individual residing at 73-19 184th Street, Fresh Meadow, New York 11366.

13.      Upon information and belief, Mary Chien is an individual residing at 73-19 184th Street, Fresh Meadow, New York 11366.

14.      Upon information and belief, John Cari is an individual residing at 475 FDR Drive, Apartment L-2101, New York, New York 10002.

15.      Upon information and belief, Judy Cari is an individual residing at 475 FDR Drive, Apartment L-2101, New York, New York 10002.

16.      Upon information and belief, the Individual Defendants are the owners, officers, directors and/or managing agents of the Corporate Defendant, who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder,

3

29 C.F.R. § 791.2, as well as the New York Labor Law and are jointly and severally liable with the Corporate Defendant.

      17.    Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

      18.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who were formerly employed by Defendants at Double Green Produce at any time for at least the period within six years of the date of the filing of this action to the entry of judgment in this case (the "Collective Action Period") (period tolled for failure to post notice indicating employees are entitled to minimum wages and overtime and for concealing violations and employees' rights under FLSA), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and/or overtime compensation at rates not less than one and one half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

      19.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least 40 such persons during the Collective Action Period, most of whom would not be likely to file individual suits because they lack the adequate

financial resources, access to attorneys or knowledge of their claims.

20.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law.   Plaintiffs have no interests that are contrary to or in conflict with members of this collective action.

21.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.   In addition, since the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.   There will be no difficulty in the management of this action as a collective action.

22.     Questions of law and fact common to the members of the collective action predominate over questions that may affect individual members because Defendants have acted on grounds generally applicable to all members.   Among the common questions of law and fact common to Plaintiffs and the Collective Action Members are:

a.     whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.     what proof of hours worked is sufficient where the employer fails in its duty to maintain accurate time records;

d.     whether Defendants had a policy whereby they failed to pay Plaintiffs and the Collective Action Members for worked performed before and/or after they "clocked in";

e.     whether Defendants had a policy whereby they failed to pay Plaintiffs and the Collective Action Members the appropriate spread of hour wages for times when Plaintiffs and the Collective Action Members worked "double shifts";

f.      whether the methodology used by Defendants to pay Plaintiffs and the Collective Action Members complied with the requirements of the FLSA, NYLL and the Wage Theft Prevention Act;

g.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in violation of 29 C.F.R. § 516.4;

h.      whether Defendants failed to pay Collective Action Members minimum wages for hours worked and/or overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

i.      whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

j.      whether Defendants are liable for all damages claimed hereunder including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

k.      whether Defendants should be enjoined from such violations of the FLSA in the future.

23.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25.     Plaintiffs bring their New York Labor Law claims on behalf of all persons who were formerly employed by Defendants at the Double Green Produce at any time for at least the period within six years of the date of the filing of this action to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them, spread of hours pay for hours worked a spread of ten or more hours in a day, as well as

overtime wages in violation of the New York Labor Law and/or have not received the notices required by the New York Wage Prevention Act (the "Class").

26.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least 40 members of the Class during the Class Period.

27.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of controversy, especially in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant.

28.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

29.     Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs' claims are typical of the Class.

30.     Questions of law and fact common to the members of the Class predominate over any questions solely affecting the individual members of the Class, including, but not limited to:

a.      whether Defendants employed the Class members within the meaning of the FLSA;

b.      whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class;

c.      what proof of hours worked is sufficient where the employer fails in its duty to maintain accurate time records;

d.      whether Defendants had a policy whereby they failed to pay Plaintiffs and the Class for worked performed before and/or after they "clocked in";

7

e.   whether Defendants had a policy whereby they failed to pay Plaintiffs and the Class the appropriate spread of hour wages for times when Plaintiffs and the Class worked "double shifts";

f.   whether the methodology used by Defendants to pay Plaintiffs and the Class complied with the requirements of the NYLL and the Wage Theft Prevention Act;

g.   whether Defendants failed and/or refused to pay the members of the Class, minimum wages and/or hourly wages for all hours worked by them, an extra hour of pay for each day on which members of the Class worked a spread of ten or more hours, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

h.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees;

i.   whether Defendants failed to provide the notices and wage statements as required by the New York Wage Theft Prevention Act; and

j.   whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

31.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## STATEMENT OF FACTS

32.   At all relevant times, Plaintiffs worked for Defendants at Double Green Produce.

33.   Plaintiffs were engaged in commerce and/or in the production of goods for commerce.

34.   At all relevant times, a substantial part of Plaintiffs' work was related to interstate commerce.

35.   At all relevant times, Defendants operated an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

36.   At all relevant times, Defendants were engaged in commerce or in the production of goods for commerce.

8

37.     At all relevant times, Defendants had employees (a) engaged in commerce and/or in the production of goods for commerce and/or (b) who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce.

38.     In 2018, Defendants were sued and settled an action, in which it was alleged that Defendants engaged in FLSA violations in a case entitled Edgardo Najera v. Double Green Produce, et al. Case No.: 01881-2018 (SJB).   Thus, their failure to comport their current business practices with the FLSA, as alleged in this action, is unquestionably willful.

39.     At all relevant times, Defendants had an annual gross volume of sales or business of at least $500,000.00.

40.     Plaintiff Yang has worked at Double Green Produce as a sales person from November 2016 to March 2021.

41.     Plaintiff Chong has worked at Double Green Produce as a sales person from 2003 to November of 2020.

42.     Plaintiff Chen has worked at Double Green Produce in various roles from 2011 to April 2021.

43.     Plaintiff Nicolas has worked at Double Green Produce's warehouse from 1995 until January of 2021.

44.     During the time Plaintiffs were employed at Double Green Produce, Defendants regularly required their employees to work in excess of forty hours per week without paying them the proper minimum wage, overtime or spread of hours compensation.

45.     At all relevant times, Defendants maintained a policy and practice of not paying Plaintiffs and other employees the minimum hourly wages mandated by federal and state law.

46.     At all relevant times, Defendants maintained a policy and practice of requiring

9

Plaintiffs and other employees at Double Green Produce to work in excess of forty hours per week without paying them the overtime compensation mandated by federal and state law.

47.     At all relevant times, Defendants maintained a policy and practice of requiring Plaintiffs and other employees at Double Green Produce to work a day in which their spread of hours exceeded ten hours without paying them the spread of hours compensation mandated by state law.

48.     Defendants did not inform their employees of their right to minimum wages and their right to be paid time and one half the minimum wage rates for their hours worked over 40 hours in a week.

49.     Defendants failed to display posters and any other written notices at Double Green Produce addressing minimum wage, overtime and related pay practices required under federal and state law.

50.     During the time that Plaintiffs were employed at Double Green Produce, Defendants required Plaintiffs to work in excess of the time that they "clocked in," thus requiring Plaintiffs to work more hours than the hours that they supposedly worked.

51.     During the time Plaintiffs were employed at Double Green Produce, Defendants did not make any efforts to accurately track the hours worked.

52.     Defendants had a corporate policy or practice of minimizing labor costs through the avoidance of payment of proper wages to employees.

53.     Upon information and belief, Defendants' practice of not accurately documenting the work hours and/or pay of employees was designed to disguise and/or conceal (1) the actual number of hours worked by the employees, (2) the amount paid to the employees for minimum wage, overtime and spread of hours, and (3) Defendants' failure to comply with wage

requirements mandated under federal and state law.

54.     Upon information and belief, Defendants' practice of not accurately documenting the work hours and/or pay of employees was designed to take advantage of the lack of education and/or sophistication of their employees, including Plaintiffs, with respect to federal and state wage laws.

55.     During the time Plaintiffs were employed at Double Green Produce, Defendants never provided them with written notice in English and Chinese (their primary language) of the hours they worked or any of the other information required by NYLL § 195(1).

56.     During the time Plaintiffs were employed at Double Green Produce, Defendants never provided them with an accurate statement of wages they were entitled to or any of the information required by NYLL § 195(3).

57.     The manner in which Plaintiffs were paid did not comply with the law inasmuch as they were either paid in cash or checks without any paystub attached.

58.     Defendants also failed to properly withhold taxes from their employees and improperly treated certain employees as independent contractors.

59.     During the relevant time period, there were multiple other employees who did work similar to Plaintiffs.

60.     During the relevant time period, these other employees of Defendants worked more than 40 hours a week for Defendants, but were not paid time and one half for the hours worked over forty.

61.     During the relevant time period, these other employees were not paid wages for all hours worked, were not paid minimum wages for all their hours worked and were not paid for all hours worked.

62.     During the relevant time period, these other employees worked a spread of ten hours or more per day and have not been paid an extra hour of pay for days for which they worked a spread of at least ten hours.

63.     During the relevant time period, Plaintiffs and the other employees were not specifically notified by Defendants of the regular pay designated by Defendants, Defendants' name, address and principal place of business and telephone number and the specific rate of pay as required by the New York Wage Theft Prevention Act.

64.     During the relevant time period, Plaintiffs and other employees were not given any specific notice of this information to sign and have not signed any such notice.

65.     Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b).  The named Plaintiffs' written consents are attached hereto and incorporated by reference.

## AS AND FOR A FIRST CAUSE OF ACTION
### (FLSA – Minimum Wage Violations)

66.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

67.     At all relevant times, Defendants were Plaintiffs' employer within the meaning of the FLSA.

68.     At all relevant times, Plaintiffs were employees engaged in commerce and/or an employees engaged in the production of goods for commerce.

69.     At all relevant times, Plaintiffs were employed by an enterprise engaged in commerce or in the production of goods for commerce.

70.     At all relevant times, Double Green Produce was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12

71.     At all relevant times, Double Green Produce had employees (a) engaged in commerce or the production of goods for commerce and/or (b) who handled or otherwise worked on goods or materials moved in or produced for commerce.

72.     At all relevant times, Defendants had an annual gross volume of sales or business of at least $500,000.00.

73.     Defendants have failed to compensate Plaintiffs at the applicable hourly minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

74.     Defendants' failure to pay Plaintiffs the required minimum wage was willful under 29 U.S.C. § 255(a), as Defendants have been the subject of a FLSA action in 2018.

75.     In 2018, Defendants were sued in this Court and settled an action for FLSA violations in a case entitled Edgardo Najera v. Double Green Produce, et al. Case No.: 01881-2018 (SJB).

76.     Defendants knew and/or showed reckless disregard as to whether their conduct was illegal.  Defendants failed to take any steps to comply with the dictates of the FLSA, NYLL and/or the legality of their practices and thereafter act to comply with same.  Defendants had no good faith basis or reasonable grounds for believing that their failure to pay proper wages was in compliance with the law.  Defendants' conduct was unlawful, intentional and willful and was carried out in bad faith.

78.     When Defendants learned of the prospect of the present suit they begin to intimidate Plaintiffs and anyone who may have been interested in joining the present suit by threatening to report anyone who filed a claim against them to immigration enforcement.

79.     Due to these FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated

13

damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

80.     Due to these FLSA violations, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (FLSA – Overtime Wage Violations)

81.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

82.     Pursuant to 29 U.S.C. § 207(a)(1) of the FLSA, Defendants were required to pay Plaintiffs overtime compensation at a rate of one and a half times either their regular rate of pay or the minimum wage, whichever was higher, for each hour they worked at Double Green Produce, including time periods that they were on-call, in excess of forty hours in a workweek.

83.     Defendants failed to pay Plaintiffs any wages for overtime hours worked and therefore violated 29 U.S.C. § 207(a)(1) of the FLSA.

84.     Defendants' failure to pay Plaintiffs any overtime compensation was willful under 29 U.S.C. § 255(a).

85.     As a result, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

86.     Due to these FLSA violations, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an

14

equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
#### (NYLL – Minimum Wage Violations)

87.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

88.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

89.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2, 190 and 651.

90.     Defendants failed to record, credit and compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, NYLL § 652 and all applicable regulations, including, but not limited to, 12 NYCRR § 146-1.2.

91.     This failure was willful under NYLL § 663.

92.     Due to these violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and required allowances and an amount equal to one hundred percent of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

93.     Due to these violations of the NYLL, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and required allowances and an amount equal to one hundred percent of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL – Overtime Wage Violations)

94.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

95.     Pursuant to NYLL § 652 and 12 NYCRR § 146-1.4, Defendants were required to pay Plaintiffs overtime compensation at a rate of one and a half times either their regular rate of pay or the minimum wage, whichever was higher, for each hour they worked at Double Green Produce, including time periods that they were on-call, in excess of forty hours in a workweek.

96.     Defendants failed to pay Plaintiffs any wages for overtime hours worked and therefore violated NYLL § 652 and 12 NYCRR § 146-1.4.

97.     Defendants' failure to pay Plaintiffs any overtime compensation was willful.

98.     Due to these violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one hundred percent of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

99.     Due to these violations of the NYLL, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one hundred percent of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Spread of Hours Violations)

100.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully

16

set forth herein.

101.    Under New York law, an employee is entitled to an extra hour of wages for any day when the employee's "spread of hours" exceeds ten hours.    Spread of hours is defined as the interval between the beginning and the end of the workday.    12 NYCRR § 146-1.6.

102.    Defendants regularly required Plaintiffs to work in excess of ten hours a day throughout their employment.

103.    Defendants did not provide the required additional compensation for any days during which the spread of hours worked by Plaintiffs exceeded ten hours.

104.    Defendants' violations of the NYLL were willful.

105.    Due to these violations of the NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the minimum wage rate for each day in which Plaintiffs had a spread of hours in excess of ten hours, liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

106.    Due to these violations of the NYLL, the Collective Action members and the Class are entitled to recover from Defendants, jointly and severally, all spread of hours payments in the form of one hour of additional pay at the minimum wage rate for each day in which Plaintiffs had a spread of hours in excess of ten hours, liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
#### Notice and Recordkeeping Violations

107.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

108.     Pursuant to NYLL § 195(1), Defendants were required to provide Plaintiffs with written notice in English and Chinese (Plaintiffs' primary language) of their rate of pay, regular day pay and additional information.   This information was required to be provided prior to the start of their employment and on or before the first day of February for each subsequent year worked.

109.     Defendants failed to provide Plaintiffs with the information required by NYLL § 195(1).

110.     Pursuant to NYLL § 198(1-b), an employee that has not been provided with the notice required by NYLL § 195(1) may recover from a violating party fifty dollars for each workday that the violations continue up to a maximum of $5,000.00, together with costs and reasonable attorneys' fees.

111.     Defendants' violation of NYLL § 195(1) continued for well over 100 days after the start of Plaintiffs' employment with Double Green Produce.

112.     Defendants are therefore liable to each Plaintiff for violating NYLL § 195(1) in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

113.     Defendants are liable to each Collective Action member and each member of the Class in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

114.     Under New York law, employers are required to provide employees with a statement of their wages, including but not limited to:   the dates of work covered by that payment of wages; the employee's regular hourly rate of pay; the employee's overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked.   NYLL §

18

195(3).

115.    Defendants failed to provide Plaintiffs with the information required by NYLL § 195(3).

116.    Pursuant to NYLL § 198(1-d), an employee that has not been provided with the notice required by NYLL § 195(3) may recover from a violating party two hundred and fifty dollars for each workday that the violations continue up to a maximum of $5,000.00, together with costs and reasonable attorneys' fees.

117.    Defendants' violation of NYLL § 195(3) continued for well over 20 days after the time that Plaintiffs were supposed to be afforded with proper notice.

118.    Defendants are therefore liable to each Plaintiff for violating NYLL § 195(3) in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

119.    Defendants are liable to each Collective Action member and each member of the Class in the amount of $5,000.00, with costs and attorneys' fees and pre-judgment interest, all in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Quantum Meruit)

120.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

121.    By working at Double Green Produce, Plaintiffs performed services in good faith for the benefit of Defendants, who undoubtedly accepted those services by allowing Plaintiffs to continue working at Double Green Produce for several years.

122.    In performing these services, Plaintiffs expected to be compensated for all the hours of hard work they invested for the benefit of Defendants.

19

123.    The reasonable value of Plaintiffs' services are – at a minimum – the amount that an employed person would be required to receive under the federal and state wage laws.

124.    The reasonable hourly wage for Plaintiffs' services is at least the hourly minimum wage required to be paid for regular and overtime hours during the time of the work performed under federal and state laws.

125.    Defendants are therefore liable to Plaintiffs in quantum meruit for the reasonable value of services they performed at Double Green Produce.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the relief requested as follows:

1.    Declaring Defendants' conduct to be in violation of Plaintiffs' rights under the FLSA and NYLL;

2.    Awarding Plaintiffs compensatory damages;

3.    Awarding Plaintiffs liquidated damages;

4.    Awarding Plaintiffs pre-judgment and post-judgment interest;

5.    Awarding Plaintiffs reasonable attorneys' fees, costs and expenses; and

6.    Awarding Plaintiffs such other and further relief that the Court deems just and proper.


Dated: Jericho, New York
     June 21, 2021

                                 HOGAN & CASSELL, LLP
                                 Attorneys for Plaintiffs

                                 By:
                                     Shaun K. Hogan
                                     500 North Broadway, Suite 153
                                     Jericho, New York 11753
                                     Tel.: (516) 942-4700
                                     Fax: (516) 942-4705
                                     skhogan@hogancassell.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Double Green Produce, Inc., Sam Chien, Mary Chien, John Cari and Judy Cari to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct.   Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: June 18th 2021

Miaomiao Yang

22

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Double Green Produce, Inc., Sam Chien, Mary Chien, John Cari and Judy Cari, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct.   Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: June 18th 2021

Koy Cheng

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Double Green Produce, Inc., Sam Chien, Mary Chien, John Cari and Judy Cari, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct.   Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: June 18th, 2021


Meiling Chen

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of the defendants, Double Green Produce, Inc., Sam Chien, Mary Chien, John Cari and Judy Cari, to pay me overtime wages and/or minimum wages as required under state and/or federal law and also authorize the filing of this consent in the action challenging such conduct.   Through this Consent, I authorize the filing and prosecution of this action in my name and on behalf of all other persons similarly situated to me.

Dated: June 18th, 2021

Tacuri Tacuri Nicholas